## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ELMER CAMPBELL** | : | |
| 12 Lora Lane | : | |
| Hamilton, OH  45013 | : | |
| | : | **CASE NO. C-1-01-527** |
| **MENDOL EATON** | : | **Judge Beckwith** |
| 4359 Moselle Dr. | : | |
| Hamilton, OH  45011 | : | |
| | : | |
| **CHARLES BAYLOR** | : | |
| 3768 Sommerville Rd. | : | |
| Sommerville, OH  45064 | : | |
| | : | |
| **DAVID ROBERTSON** | : | **PLAINTIFFS' FIFTH** |
| 4239 Withrow Rd. | : | **AMENDED COMPLAINT** |
| Hamilton, OH  45011 | : | |
| | : | |
| **THOMAS ABNER** | : | |
| 826 Main St. | : | |
| Hamilton, OH  45013 | : | |
| | : | |
| **THOMAS BENNETT** | : | |
| 5815 Elk Creek Rd. | : | |
| Middletown, OH  45042 | : | |
| | : | |
| **WAYNE BENNETT** | : | |
| 7618 Vinnedge Rd. | : | |
| Hamilton, OH  45011 | : | |
| | : | |
| **EARL BLEVINS** | : | |
| 6178 Ivywood Dr. | : | |
| Hamilton, OH  45011 | : | |
| | : | |
| **LARRY BRANDENBURG** | : | |
| 939 Pom Court | : | |
| Trenton, OH  45067 | : | |
| | : | |
| **CARL BREWER, JR.** | : | |
| 184 Glencross Ave. | : | |
| Hamilton, OH  45013 | : | |
| | : | |
| **JAMES BROOKS** | : | |

2539 Noble Ave.                          :
Hamilton, OH  45015                      :
                                         :
**LARRY BROUGHTON**                      :
5537 Hamilton-Richmond Rd.               :
Hamilton, OH  45013                      :
                                         :
**PHILLIP BULLIO**                       :
1106 Haldimand Ave.                      :
Hamilton, OH  45013                      :
                                         :
**CHARLES CAMPBELL**                     :
5658 Indian Hill Court                   :
Indian Springs, OH  45011                :
                                         :
**JOSHUA COMBS**                         :
7609 Tanglewood Lane                     :
West Chester, OH  45069                  :
                                         :
**JERRY COMBS**                          :
1310 High St.                            :
Hamilton, OH  45011                      :
                                         :
**JOHN CRESS**                           :
3165 Stahlheber Rd.                      :
Hamilton, OH  45013                      :
                                         :
**PATRICK DURBIN**                       :
2284 Gardner Rd.                         :
Hamilton, OH  45013                      :
                                         :
**KENNETH FISHER**                       :
3860 Pleasant Ave. Apt. 7                :
Hamilton, OH  45015                      :
                                         :
**TERRELL FOWLER**                       :
263 Brookwood Ave.                       :
Hamilton, OH  45013                      :
                                         :
**CHARLES FREEMAN**                      :
415 Kerry St.                            :
Trenton, OH  45067                       :
                                         :
**HENRY GARDNER**                        :

2

853 Laurel Ave.                                :
Hamilton, OH  45015                            :
                                               :
**JOHN GREGORY**                               :
304 Progress                                   :
Hamilton, OH  45013                            :
                                               :
**DENNIS HEINRICH**                            :
421 Cameron Place                              :
Hamilton, OH  45013                            :
                                               :
**EMANUEL HYDEN, JR.**                         :
5208 Headgates Rd,                             :
Hamilton, OH  45013                            :
                                               :
**PAUL ITALIANO**                              :
1248 Vanderveer Ave.                           :
Hamilton, OH  45011                            :
                                               :
**CHESTER JOHNSON**                            :
4767 Slade Dr.                                 :
Fairfield, OH  45014                           :
                                               :
**JAMES KETCHAM**                              :
4227 Darr Rd.                                  :
Oxford, OH  45056                              :
                                               :
**STANLEY KNODEL**                             :
43 Tecumseh Dr.                                :
Hamilton, OH  45013                            :
                                               :
**STEVE MANN**                                 :
9 Marlou Dr. Apt. 2                            :
Hamilton, OH  45013                            :
                                               :
**LINDA MARSEE**                               :
414 S. McKinley                                :
Hamilton, OH  45013                            :
                                               :
**LARRY MCCREARY**                             :
6403 Lakewood Dr.                              :
Hamilton, Oh  45011                            :
                                               :
**FREDERICK OGG**                              :

3

6215 Cin-Brookville Hwy.     :
Okeana, OH  45053     :
     :
**JOHN PARSLEY**     :
20 Mitchell Ave.     :
Hamilton, OH  45013     :
     :
**DAVID RATLIFF**     :
533 N. "D" St.     :
Hamilton, OH  45013     :
     :
**BARNEY SANDLIN**     :
3648 Chapel Rd.     :
Hamilton, OH  45013     :
     :
**PETER SPADA**     :
1411 Old Oxford Rd.     :
Hamilton, OH  45013     :
     :
**ROBERT THOMAS**     :
156 Webster Ave.     :
Hamilton, OH  45013     :
     :
**RONALD TURNER**     :
1690 Morman Rd.     :
Hamilton, OH  45013     :
     :
**PETE VOLZ**     :
365 Wyoming Ave.     :
Fairfield, OH  45014     :
     :
**JAMES WILLIS**     :
2614 Windage Dr.     :
Fairfield, OH  45014     :
     :
**JOHN YORK**     :
1132 Blackwell Dr.     :
Fairfield, OH  45014     :
     :
**RAYMOND ARTHUR**     :
447 Dogwood Circle     :
Eaton, OH  45320     :
     :
**GOVAN BEGLEY**     :

3113 Teakwood Dr.                          :
Hamilton, OH  45011                        :
                                           :
**SONJA GREENE**                           :
1723 Alexander Avenue                      :
Salem, IN 47167                            :
                                           :
**RICHARD HESS**                           :
156 Bailey Dr.                             :
Hamilton, OH  45011                        :
                                           :
**ALFRED HOLLAND**                         :
197 Whitaker Ave.                          :
Hamilton, OH  45011                        :
                                           :
**WILLIAM RUMPLER**                        :
929 Ridgelawn Ave.                         :
Hamilton, OH  45013                        :
                                           :
**ROBERT CHASTEEN**                        :
4000 Cotton Run Road                       :
Hamilton, OH 45011                         :
                                           :
**JAMES CLEAR, JR.**                       :
214 Urban Street                           :
Hamilton, OH 45013                         :
                                           :
**TERRY DUNCAN**                           :
1490 Dixie Highway                         :
Hamilton, OH  45011                        :
                                           :
**DAVID GENTRY**                           :
411 Cleveland Avenue                       :
Hamilton, OH 45013                         :
                                           :
**EVERETT GILL**                           :
1404 Maple Avenue                          :
Hamilton, OH 45011                         :
                                           :
**JOHN GUMM**                              :
4222 Cotton Run Rd.                        :
Hamilton, OH  45011                        :
                                           :
**ROGER HORN**                             :

785 Oxford Germantown Road :
Camden, OH 45311 :
:
**RICKEY HUNTINGTON** :
2439 Benninghoffen Avenue :
Hamilton, OH 45015 :
:
**JEROME ISREAL** :
433 Pershing Ave. :
Hamilton, OH  45011 :
:
**JAMES LAKES** :
1400 Biscayne Drive :
Hamilton, OH 45013 :
:
**DAVID MILLER** :
1049 San Angelo Drive :
Hamilton, OH 45013 :
:
**RONALD PENNINGTON** :
921 Ridgelawn Avenue :
Hamilton, OH 45013 :
:
**JAMES RODGERS** :
1028 Chestnut Street :
Hamilton, OH 45011 :
:
**EVERETT TAULBEE** :
P.O. Box 161 :
Camden, OH 45311 :
:
**THERESA TOLBERT** :
1235 Lane St. :
Hamilton, OH  45011 :
:
**JERRY TURLEY** :
3901 Trenton-Oxford Street :
Hamilton, OH 45011 :
:
**JAMES WHITAKER** :
311 Kerry Street :
Trenton, OH 45067 :
:
**ROBERT WILKINS** :

P.O. Box 602                                          :
Hamilton, OH 45012                                   :
                                                     :
**ROSS MCKAY**                                       :
720 Beissinger Road                                  :
Hamilton, OH 45013                                   :
                                                     :
**EDWARD HENSLEY**                                   :
2005 Howard Avenue                                   :
Middletown, OH 45044                                 :
                                                     :
**DONNIE ADAMS**                                     :
29081 U.S. 19th North #141                           :
Clearwater, FL 34621                                 :
                                                     :
**FLOYD GEEDING**                                    :
60 Trails End Drive                                  :
Monroe, OH 45050                                     :
                                                     :
**GEORGE JACKSON**                                   :
5051 Stephenson Road                                 :
Oxford, OH 45056                                     :
                                                     :
**DOUGLAS PAXTON**                                   :
1011 Tiffin Avenue                                   :
Hamilton, OH 45015                                   :
                                                     :
                        Plaintiffs,                  :
                                                     :
           v.                                        :
                                                     :
**INTERNATIONAL PAPER**                              :
400 Atlantic Street                                  :
Stamford, CT  06921                                  :
                                                     :
**SUN CAPITAL PARTNERS, INC.**                       :
5355 Town Center Rd., Suite 802                      :
Boca Raton, FL  33486                                :
                                                     :
**SMART PAPERS**                                     :
601 North B Street                                   :
Hamilton, OH  45013                                  :
                                                     :
                        Defendants.                  :

## PARTIES

_____1.    Plaintiffs Thomas Abner, Donnie Adams, Raymond Arthur, Charles Baylor, Govan Begley, Thomas Bennett, Wayne Bennett, Earl Blevins, Larry Brandenburg, Carl Brewer, Jr., James Brooks, Larry Broughton, Phillip Bullio, Charles Campbell, Elmer Campbell, Robert Chasteen, James Clear, Joshua Combs, Jerry Combs, John Cress, Terry Duncan, Patrick Durbin, Mendol Eaton, Kenneth Fisher, Terrell Fowler, Charles Freeman, Henry Gardner, Floyd Geeding, David Gentry, Everett Gill,  Sonja Greene, John Gregory, John Gumm, Dennis Heinrich, Edward Hensley, Richard Hess, Alfred Holland, Roger Horn, Rickey Huntington, Emanuel Hyden, Jr., Jerome Isreal, Paul Italiano, George Jackson, Chester Johnson, James Ketcham, Stanley Knodel, James Lakes, Steve Mann, Linda Marsee, Larry McCreary, Ross McKay, David Miller, Frederick Ogg, John Parsley, Douglas Paxton, Ronald Pennington, David Ratliff, David Robertson, James Rodgers, William Rumpler, Barney Sandlin, Peter Spada, Everett Taulbee, Robert Thomas, Theresa Tolbert, Jerry Turley, Ronald Turner, Pete Volz, James Whitaker, James Willis, Robert Wilkins, and John York are all residents and citizens of the State of Ohio.

2.    Defendants International Paper ("IP"), Sun Capital Partners, Inc. ("Sun Capital"), and Smart Papers ("Smart") are corporations with offices, plants, and facilities in the State of Ohio.  Defendant IP participated in employment decisions that were "officially" made by Defendants Smart and Sun Capital.  All Defendants are jointly and severally liable for the adverse employment decisions affecting Plaintiffs.

3.    Defendants are "employers" within the meaning of the ADEA, ERISA, WARN, the ADA, and Ohio law.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because Plaintiffs' Counts I and II arise under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, Plaintiffs' Count V arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, Plaintiffs' Count VI arises under the federal Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2102(a), Plaintiffs' Count VII arises under Title VII of the Civil Rights Act of 1964, as amended, and Plaintiffs' Count IX arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

5.      This Court has supplemental jurisdiction over Counts III, IV, VIII, X, XI and XII pursuant to 28 U.S.C. § 1367 on the grounds that they are so related to Counts I, II, V, VI, VII, and IX, over which the Court has original jurisdiction, that they form part of the same case or controversy.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because Plaintiffs were employed in this division and district and a substantial amount of the conduct giving rise to Plaintiffs' claims occurred in this division and district.

## NATURE OF THE CAUSE OF ACTION

7.      Plaintiffs institute this suit as a result of the decision by Defendant IP to close the Hamilton Mill, terminate all employees, and sell the mill to Defendant Sun Capital. Defendant Sun Capital operates the Hamilton mill as Smart Papers. At the recommendation of IP management, Defendant Sun Capital selectively hired former IP employees to work at Defendant Smart.

9

8.    Defendants committed age and disability discrimination and violated the ADEA, ERISA, WARN, the ADA, and the public policies of both state and federal law when they formulated a common discriminatory plan to eliminate over 100 older and/or disabled employees from the workforce.  Plaintiffs are a substantial portion of those employees adversely affected by this unlawful discriminatory plan.

9.    Defendant Smart subsequently replaced these older and/or disabled employees with substantially younger, less experienced, and less "expensive" employees to avoid paying substantial employee benefits.

## FACTUAL ALLEGATIONS

10.    Plaintiff Elmer Campbell is 60 years of age.  Plaintiff Campbell was a loyal and dedicated employee of IP for 35 years.  Nevertheless, Defendants failed to hire him back as a pulper finisher.  Although Smart offered him a position, it was a lower level position than his former position at IP.  Other younger, less qualified employees were offered higher level, better paying positions.  Plaintiff Campbell was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

11.    Plaintiff Henry Gardner is 62 years of age.  Plaintiff Gardner was a loyal and dedicated employee of IP for 43 years.  Nevertheless, Defendants failed to hire him back as a drum operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Gardner was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

12.    Plaintiff Raymond Arthur is 62 years of age.  Plaintiff Arthur was a loyal and dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a

quality control person. Although Smart offered him a position, it was a lower level position than his former position with IP. Other younger, less qualified employees were offered higher level, better paying positions. Plaintiff Arthur was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

13.    Plaintiff Alfred Holland is 61 years of age. Plaintiff Holland was a loyal and dedicated employee of IP for 30 years. Nevertheless, Defendants failed to hire him back as an embosser operator. Although Smart offered him a position, it was a lower level position than his former position at IP. Other younger, less qualified employees were offered higher level, better paying positions. Plaintiff Holland was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

14.    Plaintiff Wayne Bennett is 59 years of age. Plaintiff Wayne Bennett was a loyal and dedicated employee of IP for 32 years. Nevertheless, Defendants failed to hire him back as a sheeter operator. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Wayne Bennett was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

15.    Plaintiff Robert Thomas is 58 years of age. Plaintiff Thomas was a loyal and dedicated employee of IP for 32 years. Nevertheless, Defendants failed to hire him back as a rewinder operator. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Thomas was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

16.    Plaintiff Patrick Durbin is 57 years of age. Plaintiff Durbin was a loyal and dedicated employee of IP for 32 years. Nevertheless, Defendants failed to hire him back as an

11

electrical and instrumentation staff person.  Instead, Smart hired a substantially younger person

with less seniority and experience.  Plaintiff Durbin was not given an explanation for

Defendants' failure to hire him for a position for which he was obviously qualified.

17.    Plaintiff Larry Brandenburg is 56 years of age.  Plaintiff Brandenburg was a loyal

and dedicated employee of IP for 34 years.  Nevertheless, Defendants failed to hire him back as a

sheeter operator.  Instead, Smart hired a substantially younger person with less seniority and

experience.  Plaintiff Brandenburg was not given an explanation for Defendants' failure to hire

him for a position for which he was obviously qualified.

18.    Plaintiff Joshua Combs is 56 years of age.  Plaintiff Joshua Combs was a loyal

and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as

an oiler.  Instead, Smart hired a substantially younger person with less seniority and experience.

Plaintiff Joshua Combs was not given an explanation for Defendants' failure to hire him for a

position for which he was obviously qualified.

19.    Plaintiff Carl Brewer, Jr. is 56 years of age.  Plaintiff Brewer was a loyal and

dedicated employee of IP for 17 years. Nevertheless, Defendants failed to hire him back as a

department relief person.  Instead, Smart hired a substantially younger person with less seniority

and experience.  Plaintiff Brewer was not given an explanation for Defendants' failure to hire

him for a position for which he was obviously qualified.

20.    Plaintiff Ronald Turner is 56 years of age.  Plaintiff Turner was a loyal and

dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a

drum operator.  Instead, Smart hired a substantially younger person with less seniority and

experience.  Plaintiff Turner was not given an explanation for Defendants' failure to hire him for

a position for which he was obviously qualified.

21.     Plaintiff James Ketcham is 55 years of age.  Plaintiff Ketcham was a loyal and dedicated employee of IP for 34 years.  Nevertheless, Defendants failed to hire him back as a drum operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Ketcham was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

22.     Plaintiff James Willis is 55 years of age.  Plaintiff Willis was a loyal and dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a machine tender.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Willis was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

23.     Plaintiff Kenneth Fisher is 55 years of age.  Plaintiff Fisher was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a blender operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Fisher was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

24.     Plaintiff James Brooks is 54 years of age.  Plaintiff Brooks was a loyal and dedicated employee of IP for 34 years.  Nevertheless, Defendants failed to hire him back as a stock digger.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Brooks was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

25.     Plaintiff Jerry Combs is 54 years of age.  Plaintiff Jerry Combs was a loyal and

dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a drum operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Jerry Combs was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

26.     Plaintiff Frederick Ogg is 54 years of age.  Plaintiff Ogg was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as an unloader.  Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Ogg was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

27.     Plaintiff Paul Italiano is 54 years of age.  Plaintiff Italiano was a loyal and dedicated employee of IP for 18 years.  Nevertheless, Defendants failed to hire him back as a pulper furnisher/material handler.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Italiano was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

28.     Plaintiff John York is 53 years of age.  Plaintiff York was a loyal and dedicated employee for 27 years.  Nevertheless, Defendants failed to hire him back as a sheeter operator. Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff York was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

29.     Plaintiff Earl Blevins is 52 years of age.  Plaintiff Blevins was a loyal and dedicated employee of IP for 33 years.  Nevertheless, Defendants failed to hire him back as a mechanical technician.  Instead, Smart hired a substantially younger person with less seniority

14

and experience.  Plaintiff Blevins was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

30.    Plaintiff John Cress is 52 years of age.  Plaintiff Cress was a loyal and dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as an electrician.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Cress was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

31.    Plaintiff Terrell Fowler is 52 years of age.  Plaintiff Fowler was a loyal and dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a tandem embosser operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Fowler was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

32.    Plaintiff Thomas Abner is 52 years of age.  Plaintiff Abner was a loyal and dedicated employee of IP for 33 years.  Nevertheless, Defendants failed to hire him back as an electrical and instrumentation staff person in the maintenance department.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Abner was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

33.    Plaintiff Phillip Bullio is 51 years of age.  Plaintiff Bullio was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as a jitney driver.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Bullio was not given an explanation for Defendants' failure to hire him for

a position for which he was obviously qualified.

34.    Plaintiff Mendel Eaton is 51 years of age.  Plaintiff Eaton was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as an electrical and instrumentation staff person.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Eaton was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

35.    Plaintiff Pete Volz is 51 years of age.  Plaintiff Volz was a loyal and dedicated employee for 31 years.  Nevertheless, Defendants failed to hire him back as a mechanic.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Volz was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

36.    Plaintiff Govan Begley is 59 years of age.  Plaintiff Begley was a loyal and dedicated employee of IP for 34 years.  Nevertheless, Defendants failed to hire him back as an involvo operator.  Although Smart offered him a position, it was a lower level position than his former position at IP.  Other younger, less qualified employees were offered higher level, better paying positions.  Plaintiff Begley was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

37.    Plaintiff Charles Baylor is 50 years of age.  Plaintiff Baylor was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as a utility warehouseman.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Baylor was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

16

38.     Plaintiff David Robertson is 50 years of age.  Plaintiff Robertson was a loyal and dedicated employee of IP for 30 years.  Nevertheless, Defendants failed to hire him back as a millwright mechanical technician.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Robertson was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

39.     Plaintiff William Rumpler is 50 years of age.  Plaintiff Rumpler was a loyal and dedicated employee of IP for 17 years.  Nevertheless, Defendants failed to hire him back as a product packaging operator.  Although Smart offered him a position, it was a lower level position than his former position at IP.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Rumpler was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

40.     Plaintiff Stanley Knodel is 49 years of age.  Plaintiff Knodel was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as a mechanical technician.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Knodel was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

41.     Plaintiff David Ratliff is 49 years of age.  Plaintiff Ratliff was a loyal and dedicated employee of IP for 30 years.  Nevertheless,  Defendants failed to hire him back as a drum operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Ratliff was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

42.     Plaintiff Charles Campbell is 49 years of age.  Plaintiff Campbell was a loyal and

dedicated employee of IP for 26 years.  Nevertheless, Defendants failed to hire him back as a clerk.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Campbell was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

43.    Plaintiff Linda Marsee is 49 years of age.  Plaintiff Marsee was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire her back as an embosser operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Marsee was not given an explanation for Defendants' failure to hire her for a position for which she was obviously qualified.

44.    Plaintiff Richard Hess is 49 years of age.  Plaintiff Hess was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a backtender.  Instead, Smart hired a substantially younger person with less seniority and experience.  Although Smart offered him a position, it was a lower level position than his former position at IP.  Plaintiff Hess was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

45.    Plaintiff Dennis Heinrich is 49 years of age.  Plaintiff Heinrich was a loyal and dedicated employee of IP for 25 years.  Nevertheless, Defendants failed to hire him back as a sheeter operator. Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Heinrich was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

46.    Plaintiff Charles Freeman is 48 years of age.  Plaintiff Freeman was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a

drum operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Freeman was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

47.    Plaintiff Sonja Greene is 49 years of age.  Plaintiff Greene was a loyal and dedicated employee of IP for many years.  Nevertheless, Defendants failed to hire her back as a finishing clerk.  Although Smart offered her a position, it was a lower level position than her former position at IP.  Other younger, less qualified employees were offered higher level, better paying positions.  Plaintiff Greene was not given an explanation for Defendants' failure to hire her for a position for which she was obviously qualified.

48.    Plaintiff Larry McCreary is 48 years of age.  Plaintiff McCreary was a loyal and dedicated employee of IP for 26 years.  Nevertheless, Defendants failed to hire him back as a rereeler operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff McCreary was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

49.    Plaintiff Thomas Bennett is 47 years of age.  Plaintiff Thomas Bennett was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a pulper furnisher.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Thomas Bennett was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

50.    Plaintiff John Gregory is 47 years of age.  Plaintiff Gregory was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a drum operator.  Instead, Smart hired a substantially younger person with less seniority and

experience.  Plaintiff Gregory was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

51.    Plaintiff Steve Mann is 47 years of age.  Plaintiff Mann was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a service man. Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Mann was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

52.    Plaintiff Emanuel Hyden, Jr. is 47 years of age.  Plaintiff Hyden was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a warehouseman.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Hyden was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

53.    Plaintiff Larry Broughton is 46 years of age. Plaintiff Broughton was a loyal and dedicated employee of IP for 26 years.  Nevertheless, Defendants failed to hire him back as a production operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Broughton was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

54.    Plaintiff Chester Johnson is 46 years of age.  Plaintiff Johnson was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a mechanical technician.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Johnson was not given an explanation for not being hired for a position for which he was obviously qualified.

55.    Plaintiff Barney Sandlin is 44 years of age.  Plaintiff Sandlin was a loyal and dedicated employee of IP for 25 years.  Nevertheless, Defendants failed to hire him back as a service man.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Sandlin was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

56.    Plaintiff Peter Spada is 42 years of age.  Plaintiff Spada was a loyal and dedicated employee of IP for 19 years.  Nevertheless, Defendants failed to hire him back as a tubsize/broke beater operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Spada was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

57.    Plaintiff John Parsley is 40 years of age.  Plaintiff Parsley was a loyal and dedicated employee of IP for 19 years.  Nevertheless, Defendants failed to hire him back as a blender operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Parsley was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

58.    Plaintiff Robert Chasteen is 49 years old.  Plaintiff Chasteen was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a mechanical technician.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Chasteen was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

59.    Plaintiff James Clear is 47 years old.  Plaintiff Clear was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as an instrument

controller. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Clear was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

60.    Plaintiff Terry Duncan is 51 years of age. Plaintiff Duncan was a loyal and dedicated employee of IP for 25 years. Nevertheless, Defendants failed to hire him back as a sheeter operator. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Duncan was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

61.    Plaintiff David Gentry is 42 years old. Plaintiff Gentry was a loyal and dedicated employee of IP for 21 years. Nevertheless, Defendants failed to hire him back as an embosser operator. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Gentry was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

62.    Plaintiff Everett Gill is 53 years old. Plaintiff Gill was a loyal and dedicated employee of IP for 31 years. Nevertheless, Defendants failed to hire him back as a sheeter operator. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Gill was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

63.    Plaintiff John Gumm is 57 years of age. Plaintiff Gumm was a loyal and dedicated employee of IP for 31 years. Nevertheless, Defendants failed to hire him back as a machine sheeter operator. Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Gumm was not given an explanation for Defendants' failure to hire

him for a position for which he was obviously qualified.

64.     Plaintiff Roger Horn is 50 years old.  Plaintiff Horn was a loyal and dedication employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as a sheeter operator.  Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Horn was not given an explanation for Defendant's failure to hire him for a position for which he was obviously qualified.

65.     Plaintiff Rickey Huntington is 46 years old.  Plaintiff Huntington was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a beater engineer.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Huntington was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

66.     Plaintiff Jerome Isreal is 48 years of age.  Plaintiff Isreal was a loyal and dedicated employee of IP for 26 years.  Nevertheless, Defendants failed to hire him back as a machine operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Isreal was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

67.     Plaintiff James Lakes is 49 years old.  Plaintiff Lakes was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a sheeter operator.  Instead, Smart hired a substantially younger person with less seniority and experience. Plaintiff Lakes was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

68.     Plaintiff David Miller is 49 years old.  Plaintiff Miller was a loyal and dedicated

employee of IP for 19 years.  Nevertheless, Defendants failed to hire him back as an embosser operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Miller was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

69.    Plaintiff Ronald Pennington is 50 years old.  Plaintiff Pennington was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a stock prep operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Pennington was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

70.    Plaintiff James Rodgers is 50 years of age.  Plaintiff Rodgers was a loyal and dedicated employee of IP for 29 years.  Nevertheless, Defendants failed to hire him back as a drum operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Rodgers was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

71.    Plaintiff Everett Taulbee is 52 years old.  Plaintiff Taulbee was a loyal and dedicated employee of IP for 28 years.  Nevertheless, Defendants failed to hire him back as a mechanical technician.   Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Taulbee was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

72.    Plaintiff Theresa Tolbert is 44 years of age.  Plaintiff Tolbert was a loyal and dedicated employee of IP for 25 years.  Nevertheless, Defendants failed to hire her back as a sheeter operator.  Instead, Smart hired a substantially younger person with less seniority and

experience.  Plaintiff Tolbert was not given an explanation for not being hired for a position for which she was obviously qualified.

73.    Plaintiff Jerry Turley is 46 years old.  Plaintiff Turley was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a quality assurance service clerk.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Turley was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

74.    Plaintiff James Whitaker is 44 years old.  Plaintiff Whitaker was a loyal and dedicated employee of IP for 25 years.  Nevertheless, Defendants failed to hire him back as a back tenderer.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Whitaker was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

75.    Plaintiff Robert Wilkins is 50 years old.  Plaintiff Wilkins was a loyal and dedicated employee of IP for 27 years.  Nevertheless, Defendants failed to hire him back as a calender operator.   Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Wilkins was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

76.    Plaintiff Ross McKay is 50 years old.  Plaintiff McKay was a loyal and dedicated employee of IP for 30 years.  Nevertheless, Defendants failed to hire him back as a sheeter operator.   Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff McKay was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

77.     Plaintiff Edward Hensley is 55 years old.  Plaintiff Hensley was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as a baler room operator.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Hensley was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

78.     Plaintiff Donnie Adams is 56 years old.  Plaintiff Adams was a loyal and dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a quality control product analyst.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Adams was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

79.     Plaintiff Floyd Geeding is 56 years old.  Plaintiff Geeding was a loyal and dedicated employee of IP for 31 years.  Nevertheless, Defendants failed to hire him back as a training manager.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Geeding was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

80.     Plaintiff George Jackson is 49 years old.  Plaintiff Jackson was a loyal and dedicated employee of IP for 20 years.  Nevertheless, Defendants failed to hire him back as a #10 blenderman.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Jackson was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

81.     Plaintiff Douglas Paxton is 50 years old.  Plaintiff Paxton was a loyal and dedicated employee of IP for 32 years.  Nevertheless, Defendants failed to hire him back as a

mechanical technician.  Instead, Smart hired a substantially younger person with less seniority and experience.  Plaintiff Paxton was not given an explanation for Defendants' failure to hire him for a position for which he was obviously qualified.

82.    Plaintiffs Begley, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, McKay, Miller, Rodgers, and Rumpler, are disabled and are qualified individuals with disabilities as defined under state and federal law.

83.    On January 8, 2001, IP employees who worked at the Hamilton mill were told that Defendant Sun Capital was going to buy the mill and operate it as Smart Papers.

84.    On January 9, 2001, all IP employees at the Hamilton mill received an application for employment with Defendant Smart, due January 15, 2001.

85.    On February 7 and 8, 2001, IP employees at the Hamilton mill were told to remove all of their personal belongings from the mill.  When the employees turned in their property, they were given a letter with an appointment time for the next day to meet with Human Resources representatives from Defendant Smart.

86.    On February 9, 2001, Defendant IP's sale of the Hamilton mill to Defendant Sun Capital was finalized.  The mill was shut down.

87.    On February 10, 2001, former IP employees attended meetings with Human Resource representatives from Defendant Smart.  At these meetings, Plaintiffs were either offered jobs or not offered jobs at Defendant Smart.

88.    On February 13, 2001, Defendant Smart held orientation for new employees.

89.    On February 14, 2001, Defendant Smart opened the Hamilton mill for production.

## COUNT I

27

**(Federal Age Discrimination, Plaintiffs Not Hired – ADEA, 29 U.S.C. § 621 et seq.)**

90.     Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

91.     On January 8, 2001, IP employees were told that Sun Capital was buying the Hamilton mill, operating it as Smart Papers, and requiring IP employees to apply for positions with Defendant Smart.

92.     Defendants made the hiring decisions.  Defendants IP and Smart hired younger people into open positions, and did not hire many older workers, such as Plaintiffs Abner, Adams, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Geeding, Gentry, Gill, Gregory, Gumm, Heinrich, Hensley, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Jackson, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, McKay, Miller, Ogg, Parsley, Paxton, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York, who had the most seniority, experience, and qualifications, on account of their ages.

93.     Defendants unlawfully discriminated against Plaintiffs Abner, Adams, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Geeding, Gentry, Gill, Gregory, Gumm, Heinrich, Hensley, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Jackson, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, McKay, Miller, Ogg, Parsley, Paxton, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins,

28

Willis and York by treating them differently than younger employees on account of their ages.

94.     Defendants unlawfully discriminated against Plaintiffs Abner, Adams, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Geeding, Gentry, Gill, Gregory, Gumm, Heinrich, Hensley, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Jackson, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, McKay, Miller, Ogg, Parsley, Paxton, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York by failing to hire them in violation of the ADEA.

95.     Every Plaintiff has fulfilled the jurisdictional prerequisites for suit under the ADEA.

96.     As a direct and proximate result of IP's and Smart's willful, wanton, and intentional discriminatory conduct, Plaintiffs Abner, Adams, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Geeding, Gentry, Gill, Gregory, Gumm, Heinrich, Hensley, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Jackson, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, McKay, Miller, Ogg, Parsley, Paxton, Pennington,  Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York  have been damaged and are entitled to judgment under the ADEA.

## COUNT II

### (Federal Age Discrimination, Discriminatory Hiring Practice – ADEA, 29 U.S.C. § 621 et seq.)

97.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

98.    On January 8, 2001, IP employees were told that Sun Capital was buying the Hamilton mill, operating it as Smart Papers, and requiring IP employees to apply for positions with Defendant Smart.

99.    Defendants made the hiring decisions.  Defendants IP and Smart engaged in a discriminatory hiring practice in violation of the ADEA.  Defendants treated Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler less favorably than younger applicants. Although Smart offered Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler jobs, they were lower-level,  lower-pay positions than their former jobs at the Mill. Instead Defendants hired substantially younger, less qualified persons than Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler for the more desirable, higher-paying jobs that Plaintiffs formerly held.

100.    The lower-level jobs offered Plaintiffs were less desirable, demeaning, lower paid, insulting, and/or more difficult physically.  Defendants offered these positions with an expectation that Plaintiffs would decline the positions or be unable to perform them.  Defendants offered better, more desirable jobs to younger employees.

101.    Defendants unlawfully discriminated against Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler during the hiring process in violation of the ADEA.

102.    Every Plaintiff has fulfilled the jurisdictional prerequisites for suit under the ADEA.

103.    As a direct and proximate result of Defendants' willful, wanton, and intentional discriminatory conduct, Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and

Rumpler have been damaged and are entitled to judgment under the ADEA.

## COUNT III

### (Ohio Age Discrimination, Employees Not Hired – O.R.C. § 4112)

104.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

105.    On January 8, 2001, IP employees were told that Sun Capital was buying the Hamilton mill, operating it as Smart Papers, and requiring IP employees to apply for positions with Defendant Smart.

106.    Defendants made the hiring decisions.  Defendants hired younger people into open positions and did not hire many older workers such as Plaintiffs Abner, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Gentry, Gill, Gregory, Gumm, Heinrich, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, Miller, Ogg, Parsley, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York, who had the most seniority, experience, and qualifications, on account of their ages.

107.    Defendants unlawfully discriminated against Plaintiffs Abner, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Gentry, Gill, Gregory, Gumm, Heinrich, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, Miller,

Ogg, Parsley, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York by treating them differently than younger employees, on account of their ages.

108.    Defendants unlawfully discriminated against Plaintiffs Abner, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Gentry, Gill, Gregory, Gumm, Heinrich, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, Miller, Ogg, Parsley, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York by failing to hire them in violation of O.R.C. § 4112.02(N).

109.    As a direct and proximate result of Defendants' willful, wanton, and intentional discriminatory conduct, Plaintiffs Abner, Baylor, Thomas Bennett, Wayne Bennett, Blevins, Brandenburg, Brewer, Brooks, Broughton, Bullio, Charles Campbell, Chasteen, Clear, Joshua Combs, Jerry Combs, Cress, Duncan, Durbin, Eaton, Fisher, Fowler, Freeman, Gardner, Gentry, Gill, Gregory, Gumm, Heinrich, Hess, Horn, Huntington, Hyden, Isreal, Italiano, Johnson, Ketcham, Knodel, Lakes, Mann, Marsee, McCreary, Miller, Ogg, Parsley, Pennington, Ratliff, Robertson, Rodgers, Sandlin, Spada, Taulbee, Thomas, Tolbert, Turley, Turner, Volz, Whitaker, Wilkins, Willis and York have been damaged and are entitled to judgment under O.R.C. § 4112.99.

## COUNT IV

### (Ohio Age Discrimination, Discriminatory Hiring Practice – O.R.C. § 4112)

32

110.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

111.    On January 8, 2001, IP employees were told that Sun Capital was buying the Hamilton mill, operating it as Smart Papers, and requiring IP employees to apply for positions with Defendant Smart.

112.    Defendants made the hiring decisions.  Defendants IP and Smart engaged in a discriminatory hiring practice in violation of the O.R.C. § 4112.  Defendants treated Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler less favorably than younger applicants.  Although Smart offered Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler jobs, they were lower-level,  lower-pay positions than their former jobs at the Mill.  Instead Defendants hired substantially younger, less qualified persons than Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler for the more desirable, higher-paying jobs that Plaintiffs formerly held.

113.    The lower-level jobs offered Plaintiffs were less desirable, demeaning, lower paid, insulting, and/or more difficult physically.  Defendants offered these positions with an expectation that Plaintiffs would decline the positions or be unable to perform them.  Defendants offered better, more desirable jobs to younger employees.

114.    Defendants unlawfully discriminated against Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler during the hiring process in violation of O.R.C. § 4112.02(N).

115.    As a direct and proximate result of Defendants' willful, wanton, and intentional discriminatory conduct, Plaintiffs Arthur, Begley, Elmer Campbell, Greene, Holland, and Rumpler have been damaged and are entitled to judgment under O.R.C. § 4112.99.

33

**COUNT V**

**(ERISA Violation by Sun Capital and Smart – 29 U.S.C. § 1140)**

116.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

117.    Defendants Sun Capital and Smart unlawfully discriminated against Plaintiffs by not hiring them to prevent them from exercising their rights under Defendants' employee benefit plans and to avoid the costs of paying them substantial benefits in the future in violation of ERISA, 29 U.S.C. § 1140.

118.    Defendants' conduct violates ERISA § 510, 29 U.S.C. § 1140, and Plaintiffs are entitled to damages pursuant to § 502(a), 29 U.S.C. § 1132(a).

119.    As a direct and proximate result of Defendants' willful, wanton, and intentional discriminatory conduct, Plaintiffs have been damaged and are entitled to compensation under ERISA.

**COUNT VI**

**(WARN Violation by IP – 29 U.S.C. § 2102(a))**

120.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

121.     WARN, 29 U.S.C. § 2102(a), requires employees to be given written notice of a plant closure at least 60 days before closure.  In this case, Plaintiffs were given less than 60 days notice before the actual closure of the mill, constituting a violation of WARN.

122.    As a direct and proximate result of Defendant IP's misconduct, Plaintiffs have been damaged and are entitled to compensation under WARN.

**COUNT VII**

**(Federal Disability Discrimination – ADA, 42 U.S.C. § 12101 et seq.)**

123.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

124.    Plaintiffs Begley, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, McKay, Miller, Rodgers, and Rumpler, who have been identified as disabled, are qualified individuals with disabilities as defined under the ADA.

125.    Defendants unlawfully discriminated against disabled Plaintiffs Begley, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, McKay, Miller, Rodgers, and Rumpler by treating them differently than non-disabled employees and discriminating against them on account of their disabilities.

126.    As a direct and proximate result of Defendants' willful, wanton, and intentional discriminatory conduct, Plaintiffs Begley, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, McKay, Miller, Rodgers, and Rumpler have been injured and are entitled to compensation under the ADA.

## COUNT VIII

### (Ohio Disability Discrimination – O.R.C. § 4112)

127.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

128.    Plaintiffs Begley, Brandenburg, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, Miller, Rodgers, and Rumpler, who have been identified as disabled, are qualified individuals with disabilities as defined under Ohio law.

129.    Defendants unlawfully discriminated against disabled Plaintiffs Begley, Brandenburg, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, Miller, Rodgers, and Rumpler treating them differently than non-disabled employees and discriminating against them on account of their disabilities.

35

130.    As a direct and proximate result of Defendants' willful, wanton, and intentional discriminatory conduct, Plaintiffs Begley, Brandenburg, Brewer, Campbell, Greene, Gregory, Holland, Horn, Isreal, Miller, Rodgers, and Rumpler have been injured and are entitled to compensation under O.R.C. § 4112.99.

## COUNT IX

_____(Defamation)

131.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

132.    Defendant IP offered Defendants Sun Capital and Smart several reasons upon which to base not offering jobs to Plaintiffs. At all times material, Defendant IP knew or should have known that these reasons were false, and that providing these false reasons would prevent Defendants Sun Capital and Smart from offering jobs to Plaintiffs.

133.    Defendants, by and through agents, have publicly and privately referred to some or all of Plaintiffs as "excess baggage" and made other disparaging comments.

134.    Any negative references regarding Plaintiffs who were not hired are false, malicious, and constitute defamation and/or defamation per se.

135.    As a direct and proximate result of the above-described misconduct, Plaintiffs have suffered complete loss of employment, embarrassment, humiliation, emotional distress, and injury to their reputations.

136.    Defendant IP's actions were willful, wanton, and in complete reckless disregard to the rights of Plaintiffs, and Defendant IP is liable to Plaintiffs for all injuries proximately caused by their unlawful misconduct in an amount to be proven at trial.

_____ COUNT X

36

**(Ohio Public Policy Violation – Age and Disability Discrimination)**

137.    Plaintiffs reallege the foregoing paragraphs as if fully rewritten herein.

138.    There are clear public policies expressed in both state and federal law that employees should not be subject to age and/or disability discrimination.

139.    Discriminating against employees on the basis of age and/or disability would jeopardize these clearly established public policies.

140.    Defendants' above-described actions violate these established public policies, and Defendants lacked an overriding, legitimate business justification for their actions.

141.    Defendants' actions constitute a breach of public policy, and are willful, wanton, and malicious in nature.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

(a)    That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b)    That Plaintiffs be hired/rehired to the positions and wages consistent with their qualifications and expertise;

(c)    That Plaintiffs be awarded 60 days pay and benefits under WARN;

(d)    That Plaintiffs be awarded back pay;

(e)    That Plaintiffs be awarded front pay;

(f)    That Plaintiffs be awarded lost benefits, including but not limited to lost pension or retirement benefits;

(g)    That Plaintiffs be awarded liquidated damages;

(h)    That Plaintiffs be awarded punitive damages and compensatory damages in an

amount not less than $25 million;

      (i)     That Plaintiffs be awarded reasonable attorneys' fees; and

      (j)     That Plaintiffs be awarded all other legal and equitable relief to which they may

be entitled.


                                 Respectfully submitted,


                                 /s/ George M. Reul, Jr
                               Randolph H. Freking (0009158)
                               Mark W. Napier (0019700)
                               George M. Reul, Jr. (0069992)
                               FREKING & BETZ
                               Trial Attorneys for Plaintiffs
                               215 East Ninth Street
                               Fifth Floor
                               Cincinnati, OH  45202
                               (513) 721-1975

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

                               /s/  George M. Reul, Jr