## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ELMER CAMPBELL *et al.,* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL PAPER, | ) | CIVIL ACTION NO. C-1-01-527 |
| | ) | |
| | ) | JUDGE: BECKWITH |
| | ) | MAGISTRATE JUDGE: HOGAN |
| and | ) | |
| | ) | |
| SUN CAPITAL PARTNERS, INC., | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SMART PAPERS, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

### DEFENDANT SMART PAPERS' ANSWER
### TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

Defendant, Smart Papers, LLC ("Smart Papers"), by and through its undersigned attorneys, hereby answers Plaintiffs' Fifth Amended Complaint ("Complaint"), according to the numbered paragraphs thereof, as follows:

### PARTIES

1.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.      Smart Papers admits that it is a limited liability company that operates the Hamilton B Street paper mill in the State of Ohio. Smart Papers denies that International Paper Company ("IP") and Sun Capital Partners, Inc. ("Sun Capital") participated in any way in employment decisions made by Smart Papers. Smart Papers further denies that it

is liable in any way to Plaintiffs. Smart Papers is without sufficient knowledge and information to admit or deny the allegations concerning IP and Sun Capital contained in Paragraph 2 of the Complaint. Any remaining allegations contained in Paragraph 2 of the Complaint are denied.

3.     The allegations contained in Paragraph 3 of the Complaint state conclusions of law and, as such, no response is required. To the extent that a response is required, Smart Papers admits that on or about February 9, 2000 it became an employer as defined under ADEA, ADA, ERISA, and Ohio discrimination laws. Smart Papers is without sufficient knowledge and information as to whether IP and Sun Capital are employers as defined by these statues. Any remaining allegations contained in Paragraph 3 of the Complaint are denied.

## JURISDICTION AND VENUE

4.     The allegations contained in Paragraph 4 of the Complaint state conclusions of law and, as such, no response is required. To the extent that a response is required, the allegations are denied.

5.     The allegations contained in Paragraph 5 of the Complaint state conclusions of law and, as such, no response is required. To the extent that a response is required, the allegations are denied.

6.     To the extent that this Court has jurisdiction, the allegations contained in Paragraph 6 of the Complaint are admitted regarding venue.

## NATURE OF THE CAUSE OF ACTION

7.     Smart Papers denies that IP sold the Hamilton B Street Mill to Sun Capital. Smart Papers is without sufficient knowledge and information as to Plaintiffs'

motivations for instituting this lawsuit.  Smart Papers denies that Sun Capital operates the Hamilton B Street Mill as Smart Papers.  Smart Papers further denies that Sun Capital was involved in any way in the hiring of employees for the Hamilton B Street Mill. Smart Papers denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Smart Papers denies the allegations contained in Paragraph 8 of the Complaint.

9.      Smart Papers denies the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 10 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 10 of the Complaint.  Smart Papers avers that it offered Plaintiff Elmer Campbell a position at Smart Papers for which Smart Papers believed he was qualified.

11.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 11.  Smart Papers denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 12 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 12 of the Complaint.  Smart Papers avers that it offered Plaintiff Raymond Arthur a position at Smart Papers for which Smart Papers believed he was qualified.

13.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 13 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 13 of the Complaint.  Smart Papers avers that it offered Plaintiff Alfred Holland a position at Smart Papers for which Smart Papers believed he was qualified.

14.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 14.  Smart Papers denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 15.  Smart Papers denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 16.  Smart Papers denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 17.  Smart Papers denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 18.  Smart Papers denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 19.  Smart Papers denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 20. Smart Papers denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 21. Smart Papers denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 22. Smart Papers denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 23. Smart Papers denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 24. Smart Papers denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 25. Smart Papers denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 26. Smart Papers denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 27.  Smart Papers denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 28.  Smart Papers denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 29.  Smart Papers denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 30.  Smart Papers denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 31.  Smart Papers denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 32.  Smart Papers denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 33.  Smart Papers denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 34.  Smart Papers denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 35.  Smart Papers denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 36 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 36 of the Complaint.  Smart Papers avers that it offered Plaintiff Govan Begley a position at Smart Papers for which Smart Papers believed he was qualified.

37.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 37.  Smart Papers denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 38.  Smart Papers denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.      Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 39 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 39 of the Complaint.  Smart Papers avers that it offered Plaintiff William Rumpler a position at Smart Papers for which Smart Papers believed he was qualified.

40.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 40.  Smart Papers denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 41.  Smart Papers denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 42.  Smart Papers denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 43.  Smart Papers denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 44 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 44 of the Complaint.  Smart Papers avers that it offered Plaintiff Richard Hess a position at Smart Papers for which Smart Papers believed he was qualified.

45.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 45.  Smart Papers denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 46.  Smart Papers denies the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 47 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 47 of the Complaint.  Smart Papers avers that it offered Plaintiff Sonja Greene a position at Smart Papers for which Smart Papers believed she was qualified.

48.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 48.  Smart Papers denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 49.  Smart Papers denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 50.  Smart Papers denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 51.  Smart Papers denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 52.  Smart Papers denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 53.  Smart Papers denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 54.  Smart Papers denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 55.  Smart Papers denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 56.  Smart Papers denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 57.  Smart Papers denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 58.  Smart Papers denies the remaining allegations contained in Paragraph 58 of the Complaint.

59.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 59.  Smart Papers denies the remaining allegations contained in Paragraph 59 of the Complaint.

60.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 60.  Smart Papers denies the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 61.  Smart Papers denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 62.  Smart Papers denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 63.  Smart Papers denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 64.  Smart Papers denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 65.  Smart Papers denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 66.  Smart Papers denies the remaining allegations contained in Paragraph 66 of the Complaint.

67.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 67.  Smart Papers denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 68. Smart Papers denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 69. Smart Papers denies the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 70. Smart Papers denies the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 71. Smart Papers denies the remaining allegations contained in Paragraph 71 of the Complaint.

72.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 72. Smart Papers denies the remaining allegations contained in Paragraph 72 of the Complaint.

73.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 73. Smart Papers denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 74. Smart Papers denies the remaining allegations contained in Paragraph 74 of the Complaint.

75.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 75.  Smart Papers denies the remaining allegations contained in Paragraph 75 of the Complaint.

76.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 76.  Smart Papers denies the remaining allegations contained in Paragraph 76 of the Complaint.

77.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 77.  Smart Papers denies the remaining allegations contained in Paragraph 77 of the Complaint.

78.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 78.  Smart Papers denies the remaining allegations contained in Paragraph 78 of the Complaint.

79.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 79 of the Complaint.  Smart Papers denies the remaining allegations contained in Paragraph 79 of the Complaint.  Smart Papers avers that it offered Plaintiff Floyd Geeding a position at Smart Papers for which Smart Papers believed he was qualified.

80.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 80.  Smart Papers denies the remaining allegations contained in Paragraph 80 of the Complaint.

81.    Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first two sentences of Paragraph 81.  Smart Papers denies the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Smart Papers denies the allegations contained in Paragraph 82 of the Complaint.

83.     Upon information and belief, Smart Papers admits that on or about January 8, 2001 IP informed its employees at the Hamilton B Street Mill that it had signed an agreement to sell substantially all of the assets of the Mill to Smart Papers. Smart Papers denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Smart Papers admits that on or about January 8, 2001 it sent a letter to employees of the Hamilton B Street Mill stating that if the employee wanted to be considered for employment by Smart Papers they should, among other things, fill out an application form that was provided to them along with the letter. Smart Papers further admits that that application was due to be returned to Smart Papers no later than 5:00 p.m. on January 15, 2001. Smart Papers denies any remaining allegations contained in Paragraph 84 of the Complaint.

85.     Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in the first sentence of Paragraph 85 of the Complaint. To the extent that a response is required, the allegations are denied. Smart Papers admits that certain IP employees were given a letter with an appointment time to meet with representatives from Smart Papers on or about February 11, 2001.

86.     Smart Papers admits that on or about February 9, 2001 the transaction between IP and Smart Papers to sell substantially all of the assets of the Hamilton B Street Mill was closed. Upon information and belief, Smart Papers further admits that shortly before the closing, IP temporarily idled the equipment used at the Hamilton B

Street Mill.  Smart Papers denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.    Smart Papers admits that former IP employees attended meetings with representatives from Smart Papers on or about February 9, 10 and 11, 2001.  Smart Papers further admits that on or about February 9, 10 and 11, 2001, certain former IP employees who had applied for employment with Smart Papers were either offered or not offered employment with Smart Papers.

88.    Smart Papers admits that on or about February 12 and 13, 2001, Smart Papers held orientation meetings for new employees.

89.    Smart Papers admits that on or about February 14, 2001, Smart Papers initiated production at the Hamilton B Street Mill.

## COUNT I

### (Alleged Federal Age Discrimination, Plaintiffs Not Hired – ADEA, 29 U.S.C. § 621 et seq.)

90.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-89.

91.    Upon information and belief, Smart Papers admits that on or about January 8, 2001, IP informed its employees that it had signed an agreement to sell substantially all of the assets of the Hamilton B Street Mill to Smart Papers.  Smart Papers denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.    Smart Papers denies the allegations contained in Paragraph 92 of the Complaint.

93.    Smart Papers denies the allegations contained in Paragraph 93 of the Complaint.

94.    Smart Papers denies the allegations contained in Paragraph 94 of the Complaint.

95.    The allegations contained in Paragraph 95 state conclusions of law and, as such, no response is required. To the extent that a response is required, the allegations are denied.

96.    Smart Papers denies the allegations contained in Paragraph 96 of the Complaint, and further denies that Plaintiffs are entitled to any damages whatsoever.

## COUNT II

**(Alleged Federal Age Discrimination, Discriminatory Hiring Practive – ADEA,
29 U.S.C. § 621 et seq.)**

97.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-96.

98.    Upon information and belief, Smart Papers admits that on or about January 8, 2001, IP informed its employees that it had signed an agreement to sell substantially all of the assets of the Hamilton B Street Mill to Smart Papers.  Smart Papers denies the remaining allegations contained in Paragraph 98 of the Complaint.

99.    Smart Papers denies the allegations contained in Paragraph 99 of the Complaint.

100.    Smart Papers denies the allegations contained in Paragraph 100 of the Complaint.

101.    Smart Papers denies the allegations contained in Paragraph 101 of the Complaint.

102.    The allegations contained in Paragraph 102 state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.

103.    Smart Papers denies the allegations contained in Paragraph 103 of the Complaint, and further denies that Plaintiffs are entitled to any damages whatsoever.

## COUNT III

**(Alleged Ohio Age Discrimination, Employees Not Hired – O.R.C. § 4112)**

104.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-103.

105.    Upon information and belief, Smart Papers admits that on or about January 8, 2001, IP informed its employees that it had signed an agreement to sell substantially all of the assets of the Hamilton B Street Mill to Smart Papers.  Smart Papers denies the remaining allegations contained in Paragraph 105 of the Complaint.

106.    Smart Papers denies the allegations contained in Paragraph 106 of the Complaint.

107.    Smart Papers denies the allegations contained in Paragraph 107 of the Complaint.

108.    Smart Papers denies the allegations contained in Paragraph 108 of the Complaint.

109.    Smart Papers denies the allegations contained in Paragraph 109 of the Complaint, and further denies that Plaintiffs are entitled to any damages whatsoever.

## COUNT IV

### (Alleged Ohio Age Discrimination, Discriminatory Hiring Practice – O.R.C. § 4112)

110.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-109.

111.    Upon information and belief, Smart Papers admits that on or about January 8, 2001, IP informed its employees that it had signed an agreement to sell substantially all of the assets of the Hamilton B Street Mill to Smart Papers.  Smart Papers denies the remaining allegations contained in Paragraph 111 of the Complaint.

112.    Smart Papers denies the allegations contained in Paragraph 112 of the Complaint.

113.    Smart Papers denies the allegations contained in Paragraph 113 of the Complaint.

114.    Smart Papers denies the allegations contained in Paragraph 114 of the Complaint.

115.    Smart Papers denies the allegations contained in Paragraph 115 of the Complaint, and further denies that Plaintiffs are entitled to any damages whatsoever.

## COUNT V

### (Alleged ERISA Violation by Sun Capital and Smart – 29 U.S.C. § 1140)

116.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-115.

117.    The allegations contained in Paragraph 117 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, Smart Papers denies the allegations contained in Paragraph 117 of the Complaint.

118.    The allegations contained in Paragraph 118 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, Smart Papers denies the allegations contained in Paragraph 118 of the Complaint, and further denies that Plaintiffs are entitled to any damages whatsoever.

119.    The allegations contained in Paragraph 119 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, Smart Papers denies the allegations contained in Paragraph 119 of the Complaint, and further denies that Plaintiffs are entitled to any compensation whatsoever.

## COUNT VI

### (Alleged WARN Violation by IP – 29 U.S.C. § 2102(a))

120.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-119.

121.    The allegations contained in Paragraph 121 of the Complaint pertain to IP, and not to Smart Papers.  In addition, the allegations contained in Paragraph 121 of the Complaint state conclusions of law and, as such, no response is required.  To the extent

that a response is required, Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 121.

122.    The allegations contained in Paragraph 122 of the Complaint pertain to IP, and not to Smart Papers.  In addition, the allegations contained in Paragraph 122 of the Complaint state conclusions of law and, as such, no response is required.  To the extent that a response is required, Smart Papers is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 122.  Smart Papers denies that Plaintiffs are entitled to any compensation whatsoever.

## COUNT VII

### (Alleged Federal Disability Discrimination – ADA, 42 U.S.C. § 12101 et seq.)

123.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-122.

124.    Smart Papers denies the allegations contained in Paragraph 124 of the Complaint.

125.    Smart Papers denies the allegations contained in Paragraph 125 of the Complaint.

126.    Smart Papers denies the allegations contained in Paragraph 126 of the Complaint, and further denies that Plaintiffs are entitled to any compensation whatsoever.

## COUNT VIII

### (Alleged Ohio Disability Discrimination – O.R.C. § 4112)

127.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-126.

128.    Smart Papers denies the allegations contained in Paragraph 128 of the Complaint.

129.    Smart Papers denies the allegations contained in Paragraph 129 of the Complaint.

130.    Smart Papers denies the allegations contained in Paragraph 130 of the Complaint, and further denies that Plaintiffs are entitled to any compensation whatsoever.

## COUNT IX

### (Alleged Defamation)

131.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-130.

132.    The allegations contained in Paragraph 132 of the Complaint pertain to IP, and not to Smart Papers.  To the extent that a response is required by Smart Papers, the allegations contained in Paragraph 132 of the Complaint are denied.

133.    Smart Papers denies the allegations contained in Paragraph 133 of the Complaint.

134.    Smart Papers denies the allegations contained in Paragraph 134 of the Complaint.

135.    Smart Papers denies the allegations contained in Paragraph 135 of the Complaint.

136.    The allegations contained in Paragraph 136 of the Complaint pertain to IP, and not to Smart Papers. To the extent that a response is required by Smart Papers, the allegations contained in Paragraph 136 of the Complaint are denied.

## COUNT X

**(Alleged Ohio Public Policy Violation –Age and Disability Discrimination)**

137.    Smart Papers incorporates by reference, in their entirety, its answers in Paragraphs 1-136.

138.    The allegations contained in Paragraph 138 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, the allegations contained in Paragraph 138 state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied and Smart Papers avers that Plaintiffs do not have a cognizable claim for an alleged violation of Ohio "public policy."

139.    The allegations contained in Paragraph 139 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, the allegations contained in Paragraph 139 state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied and Smart Papers avers that Plaintiffs do not have a cognizable claim for an alleged violation of Ohio "public policy."

140.    The allegations contained in Paragraph 140 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, Smart Papers denies the allegations contained in Paragraph 140 of the Complaint.

141.    The allegations contained in Paragraph 141 have been dismissed pursuant to Judge Beckwith's order of March 24, 2003.  Nevertheless, Smart Papers denies the allegations contained in Paragraph 141 of the Complaint.

Smart Papers denies the demand for judgment contained in the final unnumbered paragraph of the Complaint.  Smart Papers further denies that Plaintiffs are entitled to any relief whatsoever.

* * * *

Smart Papers denies all allegations of the Complaint not specifically admitted or denied in Paragraphs 1 through 141.

## V.    <u>AFFIRMATIVE DEFENSES</u>

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    The Plaintiffs who were not hired by Smart Papers were not hired for legitimate nondiscriminatory business reasons unrelated to their age or any disability.

3.    All of the employment decisions made by Smart Papers relating to Plaintiffs have been made for legitimate nondiscriminatory business reasons.

4.    8 of the 72 named Plaintiffs were offered positions of employment by Smart Papers and were not harmed by Smart Papers.

5.    The Complaint, or portions thereof, is barred by Plaintiffs' failure to exhaust administrative remedies under the ADEA, ADA and ERISA.  These are statutory prerequisites to filing this action.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Smart Papers has not engaged in any discriminatory practice with malice or reckless indifference to the protected rights of any aggrieved individuals, and thus Plaintiffs are not entitled to punitive damages.

8.    Smart Papers at all times acted reasonably and in good faith towards Plaintiffs.

9.    Plaintiffs' claims against Smart Papers are frivolous and vexatious and, as such, entitle Smart Papers to an award of its attorney's fees and costs.


WHEREFORE, Defendant Smart Papers, LLC requests this matter be dismissed with prejudice, that Plaintiffs' demand for judgment be denied, and that Smart Papers be awarded its costs and attorney fees expended in defense of this action and such other relief as the Court may deem appropriate.

Dated: September 15, 2003

RESPECTFULLY SUBMITTED,

_____

Robert J. Hollingsworth
CORS & BASSETT, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, Ohio 45202
Telephone: 513.852.8200
Facsimile:  513.852.8222

and

Stanley F. Lechner
Margery Sinder Friedman
Laine S. Posel
Of Counsel
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue
Washington, DC  20004
Telephone:  202.739.3000
Facsimile:  202.739.3001


Counsel for Defendant Smart Papers, LLC