# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ELMER CAMBELL, ET AL.,                    :
                                          :
       Plaintiffs,                  :
                                          :
    v.                                    :          CASE NO. C-1-01-527
                                          :
INTERNATIONAL PAPER,                      :
SUN CAPITAL PARTNERS, INC.                :
SMART PAPERS,                             :
                                          :
      Defendants.                   :


## INTERNATIONAL PAPER COMPANY'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT WITH JURY DEMAND

Defendant, International Paper Company, Inc., (hereinafter "International Paper" or "Defendant") by counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Fifth Amended Complaint as follows:

### PARTIES

1.      On information and belief, International Paper admits the allegations of paragraph 1 of Plaintiffs' Fifth Amended Complaint.

2.      International Paper admits it is a corporation with offices, plants and facilities in the State of Ohio.  International Paper denies it participated in the employment decisions made by defendants Smart Papers (" Smart") and Sun Capital Partners, Inc. ("Sun Capital"). International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sun Capital and Smart as set forth in paragraph 2 of Plaintiffs' Fifth Amended Complaint and thus denies them.  International Paper denies the remaining

allegations contained in paragraph 2 of Plaintiffs' Fifth Amended Complaint and denies Plaintiffs are entitled to any relief whatsoever.

3.      International Paper denies it is an employer with regard to the named Plaintiffs in this matter within the meaning of the ADEA, ERISA, WARN, the ADA, or Ohio Law.

## JURISDICTION AND VENUE

4.      e allegations contained in paragraph 4 of Plaintiffs' Fifth Amended Complaint state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.

5.      The allegations contained in paragraph 5 of Plaintiffs' Fifth Amended Complaint state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.

6.      Subject to International Paper's denial that this Court has jurisdiction over Plaintiffs' claims, the allegations contained in paragraph 6 of Plaintiffs' Fifth Amended Complaint are admitted regarding venue.

## NATURE OF THE CAUSE OF ACTION

7.      International Paper admits it closed its Hamilton B Street Mill ("the Mill "), terminated all hourly employees of International Paper working at the Mill, and sold its assets at the Mill to defendant Smart.  International Paper denies the remaining allegations contained in paragraph 7 of Plaintiffs' Fifth Amended Complaint.

8.      International Paper denies the allegations contained in paragraph 8 of Plaintiffs' Fifth Amended Complaint.

9.      The allegations contained in paragraph 9 of Plaintiffs' Fifth Amended Complaint pertain to Smart and not International Paper.  International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Fifth Amended Complaint and thus denies those allegations.

## FACTUAL ALLEGATIONS

10.      International Paper admits Elmer Campbell was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 10 of Plaintiffs' Fifth Amended Complaint.

11.      International Paper admits Henry Gardner was an employee of Inter national Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 11 of Plaintiffs' Fifth  Amended Complaint.

12.      International Paper admits Raymond Arthur was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 12 of Plaintiffs' Fifth Amended Complaint.

13.      International Paper admits Alfred Holland was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 13 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 13 of Plaintiffs' Fifth Amended Complaint.

14.    International Paper admits Wayne Bennett was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 14 of Plaintiffs' Fifth Amended Complaint.

15.    International Paper admits Robert Thomas was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 15 of Plaintiffs' Fifth Amended Complaint.

16.    International Paper admits Patrick Durbin was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 16 of Plaintiffs' Fifth Amended Complaint.

17.    International Paper admits Larry Brandenburg was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of Plaintiffs' Fifth Amended Complaint regarding Smart

and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 17 of Plaintiffs' Fifth Amended Complaint.

18.     International Paper admits Joshua Combs was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 18 of Plaintiffs' Fifth Amended Complaint.

19.     International Paper admits Carl Brewer, Jr. was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 19 of Plaintiffs' Fifth Amended Complaint.

20.     International Paper admits Ronald Turner was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 20 of Plaintiffs' Fifth Amended Complaint.

21.     International Paper admits James Ketcham was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 21 of Plaintiffs' Fifth Amended Complaint.

22.     International Paper admits James Willis was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 22 of Plaintiffs' Fifth Amended Complaint.

23.     International Paper admits Kenneth Fisher was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 23 of Plaintiffs' Fifth Amended Complaint.

24.     International Paper admits James Brooks was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 24 of Plaintiffs' Fifth Amended Complaint.

25.     International Paper admits Jerry Combs was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 25 of Plaintiffs' Fifth Amended Complaint.

26.     International Paper admits Frederick Ogg was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 26 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 26 of Plaintiffs' Fifth Amended Complaint.

27.    International Paper admits Paul Italiano was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 27 of Plaintiffs' Fifth Amended Complaint.

28.    International Paper admits John York was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 28 of Plaintiffs' Fifth Amended Complaint.

29.    International Paper admits Earl Blevins was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 29 of Plaintiffs' Fifth Amended Complaint.

30.    International Paper admits John Cress was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of Plaintiffs' Fifth Amended Complaint regarding Smart

and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 30 of Plaintiffs' Fifth Amended Complaint.

31.    International Paper admits Terrell Fowler was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 31 of Plaintiffs' Fifth Amended Complaint.

32.    International Paper admits Thomas Abner was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 32 of Plaintiffs' Fifth Amended Complaint.

33.    International Paper admits Phillip Bullio was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 33 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 33 of Plaintiffs' Fifth Amended Complaint.

34.    International Paper admits Mendel Eaton was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 34 of Plaintiffs' Fifth Amended Complaint.

35.    International Paper admits Pete Volz was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 35 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 35 of Plaintiffs' Fifth Amended Complaint.

36.    International Paper admits Govan Begley was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 36 of Plaintiffs' Fifth  Amended Complaint.

37.    International Paper admits Charles Baylor was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 37 of Plaintiffs' Fifth Amended Complaint.

38.    International Paper admits David Robertson was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 38 of Plaintiffs' Fifth Amended Complaint.

39.    International Paper admits William Rumpler was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 39 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 39 of Plaintiffs' Fifth Amended Complaint.

40.     International Paper admits Stanley Knodel was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 40 of Plaintiffs' Fifth Amended Complaint.

41.     International Paper admits David Ratliff was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 41 of Plaintiffs' Fifth Amended Complaint.

42.     International Paper admits Charles Campbell was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 42 of Plaintiffs' Fifth Amended Complaint.

43.     International Paper admits Linda Marsee was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 43 of Plaintiffs' Fifth Amended Complaint regarding Smart

and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 43 of Plaintiffs' Fifth Amended Complaint.

44.    International Paper admits Richard Hess was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 44 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 44 of Plaintiffs' Fifth Amended Complaint.

45.    International Paper admits Dennis Heinrich was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 45 of Plaintiffs' Fifth Amended Complaint.

46.    International Paper admits Charles Freeman was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 46 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 46 of Plaintiffs' Fifth Amended Complaint.

47.    International Paper admits Sonja Greene was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 47 of Plaintiffs' Fifth Amended Complaint.

48.    International Paper admits Larry McCreary was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 48 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 48 of Plaintiffs' Fifth Amended Complaint.

49.    International Paper admits Thomas Bennett was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 49 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 49 of Plaintiffs' Fifth Amended Complaint.

50.    International Paper admits John Gregory was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 50 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 50 of Plaintiffs' Fifth Amended Complaint.

51.    International Paper admits Steve Mann was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 51 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  International Paper denies the remaining allegations contained in paragraph 51 of Plaintiffs' Fifth Amended Complaint.

52.    International Paper admits Emanuel Hyden, Jr. was an employee of International Paper.  International Paper is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 52 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 52 of Plaintiffs' Fifth Amended Complaint.

53.    International Paper admits Larry Broughton was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 53 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 53 of Plaintiffs' Fifth Amended Complaint.

54.    International Paper admits Chester Johnson was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 54 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 54 of Plaintiffs' Fifth Amended Complaint.

55.    International Paper admits Barney Sandlin was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 55 of Plaintiffs' Fifth Amended Complaint.

56.    International Paper admits Peter Spada was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 56 of Plaintiffs' Fifth Amended Complaint regarding Smart

and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 56 of Plaintiffs' Fifth Amended Complaint.

57.    International Paper admits John Parsley was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 57 of Plaintiffs' Fifth Amended Complaint.

58.    International Paper admits Robert Chasteen was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 58 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 58 of Plaintiffs' Fifth Amended Complaint.

59.    International Paper admits James Clear was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 59 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 59 of Plaintiffs' Fifth Amended Complaint.

60.    International Paper admits Terry Duncan was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 60 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 60 of Plaintiffs' Fifth Amended Complaint.

61.    International Paper admits David Gentry was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 61 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 61 of Plaintiffs' Fifth Amended Complaint.

62.    International Paper admits Everett Gill was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 62 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 62 of Plaintiffs' Fifth Amended Complaint.

63.    International Paper admits John Gumm was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 63 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 63 of Plaintiffs' Fifth Amended Complaint.

64.    International Paper admits Roger Horn was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 64 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 64 of Plaintiffs' Fifth Amended Complaint.

65.    International Paper admits Rickey Huntington was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 65 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 65 of Plaintiffs' Fifth Amended Complaint.

66.    International Paper admits Jerome Israel was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 66 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 66 of Plaintiffs' Fifth Amended Complaint.

67.    International Paper admits James Lakes was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 67 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 67 of Plaintiffs' Fifth Amended Complaint.

68.    International Paper admits David Miller was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 68 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 68 of Plaintiffs' Fifth Amended Complaint.

69.    International Paper admits Ronald Pennington was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 69 of Plaintiffs' Fifth Amended Complaint regarding Smart

and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 69 of Plaintiffs' Fifth Amended Complaint.

70.    International Paper admits James Rodgers was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 70 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 70 of Plaintiffs' Fifth Amended Complaint.

71.    International Paper admits Everett Taulbee was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 71 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 71 of Plaintiffs' Fifth Amended Complaint.

72.    International Paper admits Theresa Tolbert was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 72 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 72 of Plaintiffs' Fifth Amended Complaint.

73.    International Paper admits Jerry Turley was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 73 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 73 of Plaintiffs' Fifth Amended Complaint.

74.     International Paper admits James Whitaker was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 74 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 74 of Plaintiffs' Fifth Amended Complaint.

75.     International Paper admits Robert Wilkins was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 75 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 75 of Plaintiffs' Fifth Amended Complaint.

76.     International Paper admits Ross McKay was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 76 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 76 of Plaintiffs' Fifth Amended Complaint.

77.     International Paper admits Edward Hensley was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 77 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 77 of Plaintiffs' Fifth Amended Complaint.

78.     International Paper admits Donnie Adams was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 78 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 78 of Plaintiffs' Fifth Amended Complaint.

79.     International Paper admits Floyd Geeding was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 79 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 79 of Plaintiffs' Fifth Amended Complaint.

80.     International Paper admits George Jackson was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 80 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 80 of Plaintiffs' Fifth Amended Complaint.

81.     International Paper admits Douglas Paxton was an employee of International Paper. International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 81 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. International Paper denies the remaining allegations contained in paragraph 81 of Plaintiffs' Fifth Amended Complaint.

82.     International Paper denies the allegations contained in paragraph 82 of Plaintiffs' Fifth Amended Complaint.

83.     International Paper admits that on or about January 8, 2001, it informed its employees working at the Hamilton B Street Mill that it was going to sell the assets of the Mill

to Smart Papers, LLC. International Paper denies the remaining allegations contained in paragraph 83 of Plaintiffs' Fifth Amended Complaint.

84.    On information and belief, International Paper admits that on or about January 8, 2001, Smart sent a letter to employees of the Hamilton B Street Mill stating that if the employee wanted to be considered for employment with Smart, he or she should complete the application form provided with the letter and return the application to Smart by January 15, 2001. International Paper denies the remaining allegations contained in paragraph 84 of Plaintiffs' Fifth Amended Complaint.

85.    International Paper admits that employees were directed to remove belongings from the Mill. International Paper further admits that employees were given a letter with an appointment time to meet with representatives from Smart. International Paper denies the remaining allegations contained in paragraph 85 of Plaintiffs' Fifth Amended Complaint.

86.    International Paper admits that it finalized the sale of the Mill on February 9, 2001 and that it temporarily idled the equipment used at the Mill. International Paper denies the remaining allegations contained in paragraph 86 of Plaintiffs' Fifth Amended Complaint.

87.    On information and belief, International Paper admits that Smart met with former employees of International Paper on or about February 9, 10 and 11, 2001, and that during these meeting employees were either offered or not offered employment with Smart.

88.    International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 88 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same. To the extent that paragraph 88 of Plaintiffs'

Fifth Amended Complaint contains allegations against International Paper, those allegations are denied.

89.     International Paper is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 89 of Plaintiffs' Fifth Amended Complaint regarding Smart and accordingly denies same.  To the extent that paragraph 89 of Plaintiffs' Fifth Amended Complaint contains allegations against International Paper, those allegations are denied.

## COUNT I
**(Federal Age Discrimination, Plaintiffs Not Hired – ADEA, 29 U.S.C.  § 621 et seq.)**

90.     In response to paragraph 90 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraph 1-89 of Plaintiffs' Fifth Amended Complaint.

91.     International Paper admits that on or about January 8, 2001, it advised employees that it was selling the Hamilton Mill to Smart Papers, LLC.  International Paper denies the remaining allegations as stated in paragraph 91 of Plaintiffs' Fifth Amended Complaint.

92.     International Paper denies the allegations contained in paragraph 92 of Plaintiffs' Fifth Amended Complaint.

93.     International Paper denies the allegations contained in paragraph 93 of Plaintiffs' Fifth Amended Complaint.

94.     International Paper denies the allegations contained in paragraph 94 of Plaintiffs' Fifth Amended Complaint.

95.    The allegations contained in paragraph 95 of Plaintiffs' Fifth Amended Complaint state a legal conclusion to which no response is necessary.  To the extent that a response is required, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of Plaintiffs' Fifth Amended Complaint and thus denies same.

96.    International Paper denies the allegations contained in paragraph 96 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT II
### (Federal Age Discrimination, Discriminatory Hiring Practice – ADEA, 29 U.S.C. § 621 et seq.)

97.    In response to paragraph 97 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-96 of Plaintiffs' Fifth Amended Complaint.

98.    International Paper admits that on or about January 8, 2001, it advised employees that Smart would buy the Mill.  International Paper denies the remaining allegations as stated in paragraph 98 of Plaintiffs' Fifth Amended Complaint.

99.    International Paper denies the allegations contained in paragraph 99 of Plaintiffs' Fifth Amended Complaint.

100.    International Paper denies the allegations contained in Paragraph 100 to the extent those allegations are against International Paper.  To the extent the allegations are against Smart, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of Plaintiffs' Fifth Amended Complaint and thus denies same.

101.    International Paper denies the allegations contained in paragraph 101 of Plaintiffs' Fifth Amended Complaint.

102.    The allegations contained in paragraph 102 of Plaintiffs' Fifth Amended Complaint state a legal conclusion to which no response is necessary. To the extent that a response is required, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of Plaintiffs' Fifth Amended Complaint and thus denies same.

103.    International Paper denies the allegations contained in paragraph 103 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT III</u>
**(Ohio Age Discrimination, Employees Not Hired – O.R.C. § 4112)**

104.    In response to paragraph 104 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-103 of Plaintiffs' Fifth Amended Complaint.

105.    International Paper admits that on or about January 8, 2001, it advised employees that Smart would buy the Mill. International Paper denies the remaining allegations as stated in paragraph 105 of Plaintiffs' Fifth Amended Complaint.

106.    International Paper denies the allegations contained in paragraph 106 of Plaintiffs' Fifth Amended Complaint.

107.    International Paper denies the allegations contained in paragraph 107 of Plaintiffs' Fifth Amended Complaint.

108.    International Paper denies the allegations contained in paragraph 108 of Plaintiffs' Fifth Amended Complaint.

109.    International Paper denies the allegations contained in paragraph 109 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT IV
### (Ohio Age Discrimination, Discriminatory Hiring Practices – O.R.C. § 4112)

110.    In response to paragraph 110 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-109 of Plaintiffs' Fifth Amended Complaint.

111.    International Paper admits that on or about January 8, 2001, it advised employees that Smart would buy the Mill.  International Paper denies the remaining allegations as stated in paragraph 111 of Plaintiffs' Fifth Amended Complaint.

112.    International Paper denies the allegations contained in paragraph 112 of Plaintiffs' Fifth Amended Complaint.

113.    International Paper denies the allegations contained in Paragraph 113 of Plaintiffs' Fifth Amended Complaint to the extent those allegations are against International Paper.  To the extent the allegations are against Smart, International Paper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of Plaintiffs' Fifth Amended Complaint and thus denies same.

114.    International Paper denies the allegations contained in paragraph 114 of Plaintiffs' Fifth Amended Complaint.

115.    International Paper denies the allegations contained in paragraph 115 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT V
### (ERISA Violation by Sun Capital and Smart – 29 U.S.C. § 1140)

116.    Count V was dismissed with prejudice by Judge Sandra Beckwith in her Order of March 25, 2003.    Nevertheless, International Paper denies those allegations as follows.    In response to paragraph 116 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-115 of Plaintiffs' Fifth Amended Complaint.

117.    The allegations contained in paragraph 117 of Plaintiffs' Fifth Amended Complaint pertain to Sun Capital and Smart, and not International Paper.  International Paper is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 117 of Plaintiffs' Fifth Amended Complaint.    To the extent paragraph 117 of Plaintiffs' Fifth Amended Complaint contains allegations against International Paper, those allegations are denied.

118.    The allegations contained in paragraph 118 of Plaintiffs' Fifth Amended Complaint pertain to Sun Capital and Smart, and not International Paper.  International Paper is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 118 of Plaintiffs' Fifth Amended Complaint.    To the extent paragraph 118 of Plaintiffs' Fifth Amended Complaint contains allegations against International Paper, those allegations are denied.

119.    The allegations contained in paragraph 119 of Plaintiffs' Fifth Amended Complaint pertain to Sun Capital and Smart, and not International Paper.  International Paper is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 119 of Plaintiffs' Fifth Amended Complaint.  To the extent paragraph 119 of Plaintiffs' Fifth Amended Complaint contains allegations against International Paper, those allegations are denied.  International Paper denies that Plaintiffs are entitled to any relief whatsoever.

**COUNT VI**
**(WARN Violation by IP – 29 U.S.C. § 2102(a))**

120.    In response to paragraph 120 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-119 of Plaintiffs' Fifth Amended Complaint.

121.    The allegations in the first sentence of paragraph 121 of Plaintiffs' Fifth Amended Complaint state a conclusion of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.  International Paper denies the remaining allegations contained in paragraph 121 of Plaintiffs' Fifth Amended Complaint.

122.    International Paper denies the allegations contained in paragraph 122 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT VII</u>
**(Federal Disability Discrimination – ADA, 42 U.S.C. § 12101 <u>et</u> <u>seq.</u>)**

123.    In response to paragraph 123 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-122 of Plaintiffs' Fifth Amended Complaint.

124.    The allegations in paragraph 124 of Plaintiffs' Fifth Amended Complaint state a conclusion of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.

125.    International Paper denies the allegations contained in paragraph 125 of Plaintiffs' Fifth Amended Complaint.

126.    International Paper denies the allegations contained in paragraph 126 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT VIII</u>
**(Ohio Disability Discrimination – O.R.C. § 4112)**

127.    In response to paragraph 127 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-126 of Plaintiffs' Fifth Amended Complaint.

128.    International Paper denies the allegations contained in paragraph 128 of Plaintiffs' Fifth Amended Complaint.

129.    International Paper denies the allegations contained in paragraph 129 of Plaintiffs' Fifth Amended Complaint.

130.    International Paper denies the allegations contained in paragraph 130 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT IX
### (Defamation)

131.    In response to paragraph 131 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-130 of Plaintiffs' Fifth Amended Complaint.

132.    International Paper denies the allegations contained in paragraph 132 of Plaintiffs' Fifth Amended Complaint.

133.    national Paper denies the allegations contained in paragraph 133 of Plaintiffs' Fifth Amended Complaint.

134.    national Paper denies the allegations contained in paragraph 134 of Plaintiffs' Fifth Amended Complaint.

135.    International Paper denies the allegations contained in paragraph 135 of Plaintiffs' Fifth Amended Complaint.

136.    International Paper denies the allegations contained in paragraph 136 of Plaintiffs' Fifth Amended Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT X
### (Ohio Public Policy Violation – Age and Disability Discrimination)

137.    Count X was dismissed with prejudice by Judge Sandra Beckwith in her Order of March 25, 2003. Nevertheless, International Paper responds to those allegations as follows. In

response to paragraph 137 of Plaintiffs' Fifth Amended Complaint, International Paper restates and re-alleges each and every response to the allegations contained in paragraphs 1-136 of Plaintiffs' Fifth Amended Complaint.

138.    The allegations contained in paragraph 138 of Plaintiffs' Fifth Amended Complaint state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.

139.    The allegations contained in paragraph 139 of Plaintiffs' Fifth Amended Complaint state conclusions of law and, as such, no response is required.  To the extent that a response is required, the allegations are denied.

140.    International Paper denies the allegations contained in paragraph 140 of Plaintiffs' Fifth Amended Complaint.

141.    International Paper denies the allegations contained in paragraph 141 of Plaintiffs' Fifth Amended Complaint.

142.    With respect to the lettered paragraphs in Plaintiffs' Fifth Amended Complaint which compose Plaintiffs' demand for judgment and prayer for relief, Inte rnational Paper answers as follows: International Paper denies that it engaged in any unlawful conduct and denies that Plaintiffs are entitled to the equitable relief requested in lettered paragraph (a) of Plaintiffs' Fifth Amended Complaint.  International Paper denies that Plaintiffs are entitled to the equitable relief of being hired or rehired.  International Paper denies that Plaintiffs are entitled to any relief under WARN, 29 U.S.C. § 2102(a).  International Paper denies that Plaintiffs are entitled to a back pay award.  International Paper denies that Plaintiffs are entitled to a front pay award. International Paper denies that Plaintiffs are entitled to an award of any

benefits whatsoever. International Paper denies that Plaintiffs are entitled to an award of liquidated damages. International Paper denies that Plaintiffs are entitled to an award of punitive or compensatory damages in any monetary amount whatsoever. International Paper denies that Plaintiffs are entitled to an award of attorneys' fees. International Paper denies that Plaintiffs are entitled to an award of any equitable or monetary relief as demanded in Plaintiffs' Fifth Amended Complaint.

143.    To the extent that any allegation in Plaintiffs' Fifth Amended Complaint has not been addressed in the foregoing paragraphs 1-142, International Paper specifically denies each and every allegation. International Paper further denies that it is liable to Plaintiffs in any way or in any amount and denies that Plaintiffs are entitled to any judgment or relief sought.

144.    International Paper reserves the right to amend its Answer up to the time of trial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Fifth Amended Complaint, and each cause of action purportedly contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiffs have suffered any damages or injuries, which are denied, Plaintiffs have failed to mitigate their damages, and their claims for relief are therefore barred.

## THIRD DEFENSE

Plaintiffs are not entitled to a jury trial on their claims.

## FOURTH DEFENSE

To the extent Plaintiffs have suffered any damages, which is denied, Plaintiffs' damages were caused by the actions of persons over whom International Paper had no authority or control and for whom International Paper has no liability.

## FIFTH DEFENSE

Smart Papers, not International Paper, made the hiring decisions and International Paper is therefore not a proper defendant to Plaintiffs' discrimination claims.

## SIXTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to exhaust administrative remedies under the ADEA, ADA, ERISA or the contractual remedies under Plaintiffs' collective bargaining agreement.

## SEVENTH DEFENSE

International Paper has not engaged in any discriminatory practice with malice or reckless indifference to the protected rights of any aggrieved individuals and any such actions would be contrary to International Paper's good faith efforts to comply with all relevant Federal and State employment laws, and thus punitive damages are barred herein.

## EIGHTH DEFENSE

Plaintiffs are estopped from asserting a claim against International Paper to the extent Plaintiffs were not hired by Smart Papers because of their own action or inaction, irrespective of any alleged age or disability considerations.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver and release.

## TENTH DEFENSE

To the extent Plaintiffs seek to assert a claim against International Paper alleging discrimination on the basis of disability, those claims are barred because the conditions alleged do not meet the definition of disability as defined by applicable law.

## ELEVENTH DEFENSE

To the extent Plaintiffs seek to assert a claim against International Paper alleging discrimination on the basis of disability, the individuals alleged to have been discriminated against are not "otherwise qualified" individuals as defined by applicable law.

**TWELFTH DEFENSE**

To the extent Plaintiffs' Fifth Amended Complaint alleges that International Paper discriminated against any individual on account of age and/or disability, International Paper asserts that any actions taken by International Paper were for legitimate reasons and based on factors unrelated to age or disability.

**THIRTEENTH DEFENSE**

The conduct of Defendant International Paper was privileged and such privilege acts as an affirmative defense to the causes of action raised in the Plaintiffs' Fifth Amended Complaint.

**FOURTEENTH DEFENSE**

To the extent any of the statements alleged by Plaintiffs were made by Defendant International Paper, they were consented to by Plaintiffs and were true.

**FIFTEENTH DEFENSE**

To the extent any of the statements alleged by Plaintiffs were made by Defendant International Paper, the statements are opinions of the speaker(s) and are therefore privileged under Ohio law.

**SIXTEENTH DEFENSE**

Any statements International Paper made to Smart Papers about Plaintiffs' job performances were made at the request of Plaintiffs and/or Smart Papers and International Paper is therefore immune from civil liability for such statements under RC § 4113.71.

**SEVENTEENTH DEFENSE**

In allegedly making the statements attributed to it, Defendant International Paper acted without the requisite actual or presumed malice.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against International Paper are frivolous and vexatious and, as such, entitle International Paper to an award of its attorneys' fees and costs.

**NINETEENTH DEFENSE**

Defendant International Paper has not engaged in any practice so reprehensible as to warrant punitive damages. However, to the extent punitive damages are awarded, such

damages must be both reasonable and proportionate to the amount of harm to Plaintiffs and to the general damages recovered and are limited under the Constitutional right to due process.

### TWENTIETH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees or other remedies they seek under applicable law.

### TWENTY-FIRST DEFENSE

International Paper reserves the right to assert any other lawful defenses as may arise prior to trial of this matter as a result of discovery.

Respectfully submitted,

INTERNATIONAL PAPER COMPANY

By_____
Counsel

| | |
|---|---|
| Michael Roberts, Esq. | W. Carter Younger, Esq. (admitted *pro hac vice*) |
| Graydon Head & Ritchey, LLP | Vincent J. Miraglia, Esq. (admitted *pro hac vice*) |
| 1900 5th 3rd Center | McGuireWoods LLP |
| 511 Walnut Street | 1050 Connecticut Avenue |
| Cincinnati, Ohio 45202 | Washington, DC 20036 |
| (513) 629-2799 | 202) 857-1704 |
| (513) 651-3836 | |
| email: mrobrts@graydon.com | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via f irst class, postage prepaid, this 15th day of September 2003 to: Randolph H. Freking, Esquire, Freking & Betz, 214 East Ninth Street, 5th Floor, Cincinnati, Ohio 45202.

_____